UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PRISCILLA HOPKINS** | **CIVIL ACTION NO. 1:18-CV-00447** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **KEROTEST MANUFACTURING CORP.** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

## ORDER

Before the Court is a SECOND MOTION FOR SUMMARY JUDGMENT filed by Defendant, Kerotest Manufacturing Corp. ("Kerotest") [Doc. 64]. For the following reasons, summary judgment in favor of Kerotest is **GRANTED IN PART** and **DENIED IN PART**.

On September 27, 2019, Kerotest's first Motion for Summary Judgment [Doc. 26] was denied in a Ruling and Order [Doc. 47] issued by Judge Dee D. Drell, who presided over this matter prior to its reassignment to the undersigned on September 2, 2020 [Doc. 56]. In this SECOND MOTION FOR SUMMARY JUDGMENT, Kerotest makes the same arguments previously ruled upon – re-urging its contention that summary judgment is warranted as to Plaintiff's retaliation claim under both 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981").

Regarding the Title VII claim, Kerotest submits that additional controlling jurisprudence pertaining to the "causal connection" element of Plaintiff's *prima facie* case has been published since Judge Drell's ruling on the first Motion for Summary Judgment that warrants the Court's reconsideration of the prior ruling. After review of this Motion, the accompanying memorandum, the purported additional controlling

authorities, and the evidence in the record, the Court finds no published, controlling authority decided since the date of the Ruling and Order [Doc. 47] that provide justification for this Court to reconsider Judge Drell's prior denial. Accordingly, summary judgment as to Plaintiff's Title VII retaliation claim is DENIED.

However, the Court finds that summary judgment of Plaintiff's § 1981 claim is appropriate. § 1981(a) "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to *race*." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 671 (5th Cir. 2020) (emphasis added). Because Plaintiff has failed to present any evidence suggesting, and has not even alleged, a race-based retaliation claim, the Court GRANTS this Motion to dismiss the § 1981 claim.

THUS, DONE AND SIGNED in Chambers on this 4th day of March, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE